**LAW OFFICES OF MALLON & TRANGER**
86 Court Street
Freehold, NJ 07728
Telephone: (732) 780-0230
Facsimile: (732) 780-5002
Attorneys for Plaintiffs, Gary L. O'Neal and Gary J. O'Neal

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

```
-----------------------------------
GARY L. O'NEAL and GARY J. O'NEAL, : Civil No.: TO BE ASSIGNED
                                   :
              Plaintiffs,          : Civil Action
                                   :
         v.                        :
                                   :
MIDDLETOWN TOWNSHIP; MIDDLETOWN    : COMPLAINT AND JURY DEMAND
TOWNSHIP POLICE DEPARTMENT;        :
DETECTIVE RICHARD FULHAM;          :
POLICE CHIEF CRAIG WEBER;          :
JOHN DOES #1-3; and                :
JOHN DOES #4-10,                   :
                                   :
              Defendants.          :
-----------------------------------
```

Plaintiffs, Gary L. O'Neal and Gary J. O'Neal, by way of Complaint against the Defendants, say:

### JURISDICTION AND VENUE

1.   The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983.  This Court has jurisdiction over Plaintiffs' federal civil rights claims pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

2.   Venue is proper under 28 U.S.C. §1391 because the events giving rise to Plaintiffs' claims occurred in this District

1

and the parties reside in this District.

**PARTIES**

3.  Plaintiff, Gary L. O'Neal, is a resident of Middletown Township in Monmouth County, New Jersey.  Plaintiff, Gary L. O'Neal, is the father of Plaintiff, Gary J. O'Neal, and Adam O'Neal.

4.  Plaintiff, Gary J. O'Neal, is a son of Plaintiff, Gary L. O'Neal, and, at all times relevant to the allegations of this Complaint, was a resident of the Borough of Keyport in Monmouth County, New Jersey.

5.  Defendant, Middletown Township, is a municipality organized within the State of New Jersey, and, at all times relevant to the allegations of this Complaint, was the employer of the individual Defendants.

6.  At all times relevant to the allegations of this Complaint, Defendant, Richard Fulham was a Detective employed by Middletown Township and acting in the course of his employment and/or under color of state law.  He is sued in his official and individual capacity.

7.  At all times relevant to the allegations of this Complaint, Defendant, Craig Weber, served as Police Chief for Middletown Township and was responsible for the training, supervision and discipline of Middletown Township Police Officers, including without limitation, Defendants Fulham

2

and John Does #1-3. He is sued in his official and individual capacity.

8. At all times relevant to the allegations of this Complaint, Defendants, John Does #1-3, were law enforcement officers employed by Middletown Township and acting in the course of their employment and/or under color of state law. They are sued in their official and individual capacities.

9. At all times relevant to the allegations of this Complaint, Defendants, John Does #4-10, were supervisory law enforcement officials employed by Middletown Township responsible for the training, supervision and discipline of Middletown Township Police Officers, including without limitation, Defendants Fulham and John Does #1-3. They are sued in their official and individual capacity.

## **FACTS**

10. On June 17, 2016, Plaintiff, Gary L. O'Neal, was at his residence with his son, Plaintiff, Gary J. O'Neal.

11. Plaintiff, Gary L. O'Neal, lived at his residence with his son, Adam O'Neal.

12. At the time of this incident, Plaintiff, Gary J. O'Neal, was staying with his father for several days and sleeping on a couch. Plaintiff, Gary J. O'Neal, resided with his mother in Keyport, New Jersey.

13. Notably, Adam O'Neal had his own private bedroom with a lock

on the door.  The door was locked.

14. That morning, Defendant, Richard Fulham, executed a Search Warrant at the residence of Plaintiff, Gary L. O'Neal. Defendant Fulham had received intelligence that Adam O'Neal was involved in the sale of marijuana.

15. Absolutely no intelligence had been received that either Plaintiff was involved in the sale of drugs out of this residence.

16. Defendant Fulham's June 15, 2016 Affidavit in support of the Search Warrant specifically identified Adam O'Neal as the target and Plaintiffs as mere residents of the house.

17. At the time of the Search Warrant's execution, Adam O'Neal was not at the residence.  He was working at All Phase Heating and Air Conditioning, located two minutes away by foot.

18. Plaintiff, Gary J. O'Neal, heard a battering ram being used to break down the front door of the house.  As Plaintiff, Gary J. O'Neal, opened the door, police officers forcibly entered the house.

19. Upon entry, Defendants, John Does #1-3, grabbed a hold of Plaintiff, Gary L. O'Neal, threw him to the ground, and forcibly handcuffed him.

20. At no time did Plaintiff, Gary L. O'Neal, engage in any action that warranted the use of such excessive force.

21. Plaintiff, Gary J. O'Neal, was handcuffed and pulled outside.

22. After the Search Warrant was executed, Defendant Fulham determined that all CDS, paraphernalia and monetary evidence found was located only in Adam O'Neal's locked bedroom.

23. After Plaintiffs were removed from the house and taken outside, a Middletown Township police officer stated to Plaintiff, Gary L. O'Neal, "If Adam does the right thing, you won't be arrested."

24. Nonetheless, Defendant Fulham charged both Plaintiffs with First Degree Maintaining or Operating a Controlled Dangerous Substance Production Facility, in violation of N.J.S.A. 2C:35-44; Second Degree Conspiracy to Maintain a Manufacturing Facility, in violation of N.J.S.A. 2C:5-2A(1); Third Degree Possession of a Controlled Dangerous Substance (Psilocybin), in violation of N.J.S.A. 2C:35-10A(1); Third Degree Possession of CDS (Cocaine), in violation of N.J.S.A. 2C:35-10A(1); Third Degree Possession of CDS (Heroin), in violation of N.J.S.A. 2C:35-10A(1); Third Degree Possession of CDS (Ecstasy/MDMA), in violation of N.J.S.A. 2C:35-10A(1); Fourth Degree Possession of CDS (Hashish), in violation of N.J.S.A. 2C:35-10A(3); Fourth Degree Possession of CDS (Marijuana), in violation of N.J.S.A. 2C:35-10A(3); Third Degree Possession with Intent to Distribute CDS

(Cocaine), in violation of <u>N.J.S.A.</u> 2C:35-5B(3); Third Degree Possession with Intent to Distribute CDS (Psilocybin), in violation of <u>N.J.S.A.</u> 2C:35-5B(3); Third Degree Possession with Intent to Distribute CDS (Ecstasy/MDMA), in violation of <u>N.J.S.A.</u> 2C:35-5B(3); Third Degree Possession with Intent to Distribute CDS (Hashish), in violation of <u>N.J.S.A.</u> 2C:35-5B(11); and Third Degree Possession with Intent to Distribute CDS (Marijuana), in violation of <u>N.J.S.A.</u> 2C:35-5B(3).

25. These charges were improper, had no basis in fact, and were not supported by probable cause.

26. As a result, Plaintiffs were arrested and incarcerated.

27. After the house was searched but before Plaintiffs were transported to police headquarters, Defendant Fulham stated to Plaintiffs, "Adam is in a lot of trouble. He's like Scarface."

28. Bail was initially set for Plaintiff, Gary L. O'Neal, at $270,000.00 full. Bail was reduced on July 22, 2016 to $15,000.00 10%.

29. Bail was initially set for Plaintiff, Gary J. O'Neal, at $285,000.00 full. On August 05, 2016, bail was reduced to $15,000.00 10% after two motions were filed with the Court on his behalf.

30. Adam O'Neal was also arrested on June 17, 2016. At the time

of his arrest, he informed Defendant Fulham that all CDS, paraphernalia, and contraband recovered by way of the Search Warrant's execution was his and did not belong to either Plaintiffs. Moreover, Adam O'Neal advised that Plaintiffs were not involved in any way with the drugs found in his locked bedroom.

31. Despite this admission, Defendant Fulham allowed Plaintiffs to remain incarcerated. Plaintiff, Gary L. O'Neal, remained incarcerated for approximately 36 days. Plaintiff, Gary J. O'Neal, remained incarcerated for approximately 50 days.

32. On or about April 11, 2017, the charges filed against Plaintiffs by Defendant Fulham were dismissed.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983
### FALSE ARREST AND FALSE IMPRISONMENT
### DEFENDANT, RICHARD FULHAM

33. Plaintiffs repeat the allegations of the previous paragraphs as if set forth at length herein.

34. Defendant's actions resulted in Plaintiffs being unlawfully detained, falsely arrested and falsely imprisoned, thereby depriving Plaintiffs of their right to be free from an unreasonable seizure of their persons, in violation of the Fourth Amendment to the United States Constitution.

35. As a direct and proximate cause of Defendant's actions, Plaintiffs have sustained lost income, physical injury,

7

emotional distress, pain and suffering, and/or attorney's
fees, and will continue to incur same for some time to come.

**COUNT II**
**42 U.S.C. §1983**
**MALICIOUS PROSECUTION**
**DEFENDANT, RICHARD FULHAM**

36. Plaintiffs repeat the allegations of the previous paragraphs
as if set forth at length herein.

37. Defendant caused Plaintiffs to be maliciously prosecuted, in
violation of Plaintiffs' rights guaranteed under the Fourth
Amendment to the United States Constitution.

38. This prosecution was malicious as Defendant lacked probable
cause to initiate criminal proceedings against Plaintiffs.

39. As a direct and proximate cause of Defendant's actions,
Plaintiffs have sustained lost income, physical injury,
emotional distress, pain and suffering, and/or attorney's
fees, and will continue to incur same for some time to come.

**COUNT III**
**42 U.S.C. §1983**
**EXCESSIVE FORCE**
**DEFENDANTS, JOHN DOES #1-3**

40. Plaintiffs repeat the allegations of the previous paragraphs
as if set forth at length herein.

41. Defendants' actions toward Plaintiff, Gary L. O'Neal, as
outlined above, constitute the use of force that was
excessive and objectively unreasonable under the
circumstances.

8

42. As a direct and proximate cause of Defendants' use of excessive force, Plaintiff, Gary L. O'Neal, has sustained physical injury, emotional distress, pain and suffering, and will continue to incur same for some time to come.

**COUNT IV**
**42 U.S.C. §1983**
**UNLAWFUL POLICY OR CUSTOM**
**FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE**
**MONELL CLAIM**
**DEFENDANT, MIDDLETOWN TOWNSHIP**

43. Plaintiffs repeat the allegations of the previous paragraphs as if set forth at length herein.

44. Defendant, Middletown Township, has a duty to train, supervise and discipline police officers, and to institute policies, practices and customs, so as to ensure that police officers make lawful arrests and do not use excessive force.

45. Defendant, Middletown Township, was on actual and/or constructive notice that its police officers were engaged in the practice or custom of making false arrests and using excessive force on citizens.

46. Defendant has knowingly and recklessly failed to fulfill this duty and has failed to institute policies and/or practices to prevent, penalize and cure such abuses.

47. This pattern, practice and/or policy of failing to train reflects deliberate indifference to the rights of persons such as Plaintiffs.

48. The injuries suffered by Plaintiffs are the proximate result

9

of Defendant's deliberate indifference to properly train.

49. As a direct and proximate cause of Defendant's failure to train, Plaintiffs have sustained lost income, physical injury, emotional distress, pain and suffering, and/or attorney's fees, and will continue to incur same for some time to come.

## COUNT V
## 42 U.S.C. §1983
## FAILURE TO TRAIN, SUPERVISE AND CORRECT UNCONSTITUTIONAL PRACTICES SUPERVISORY LIABILITY
## DEFENDANTS, POLICE CHIEF CRAIG WEBER AND JOHN DOES #4-10

50. Plaintiffs repeat the allegations of the previous paragraphs as if set forth at length herein.

51. Defendants, Police Chief Craig Weber and John Does #4-10, have a duty to train, supervise and discipline police officers, and to institute policies, practices and customs, so as to ensure that police officers make lawful arrests and do not use excessive force.

52. Defendants' failure to train, supervise and discipline police officers who make false arrests and use excessive force amounts to a pattern, practice and/or policy of lax or no supervision of police officers when they engage in conduct that violates the constitutional rights of citizens.

53. This pattern, practice and/or policy of failing to train, supervise and discipline reflects deliberate indifference to the rights of persons such as Plaintiffs.

54. This pattern, practice and/or policy of failing to supervise is likewise evidenced by Defendants' failure to discipline police officers who engage in unconstitutional practices. Specifically, Defendants, Police Chief Craig Weber and John Does #4-10, have acquiesced in the misconduct of Richard Fulham, John Does #1-3 and other police officers.

55. Despite the clear constitutional prohibitions against making false arrests and using excessive force by state actors, Defendants have taken no action to correct or modify the behavior of its police officers.

56. Defendants, Police Chief Craig Weber and John Does #4-10, have had prior notice of similar incidents and violations of the constitutional rights of citizens but have failed to take appropriate corrective action. The failure to take appropriate action to discipline police officers for such conduct condones, encourages and ratifies such unlawful behavior, creates a culture that allows police officers to believe they are immune from the consequences of their actions, and itself constitutes evidence of a pattern, practice and/or policy of deliberate indifference to the constitutional rights of Plaintiffs and others.

57. The injuries suffered by Plaintiffs are the proximate result of Defendants' deliberate indifference to properly train, supervise and discipline.

58.  As a direct and proximate cause of Defendants' failure to
     train, supervise and discipline, Plaintiffs have sustained
     lost income, physical injury, emotional distress, pain and
     suffering, and/or attorney's fees, and will continue to
     incur same for some time to come.

**COUNT VI**
**VIOLATION OF NEW JERSEY STATE CONSTITUTION**
**AND/OR NEW JERSEY CIVIL RIGHTS ACT**

59.  Plaintiffs repeat the allegations of the previous paragraphs
     as if set forth at length herein.

60.  This Court has supplemental jurisdiction to hear and
     adjudicate state law claims.

61.  Defendants' actions, as outlined above, have violated
     Plaintiffs' civil rights under the New Jersey State
     Constitution and/or New Jersey Civil Rights Act.

62.  As a direct and proximate cause of Defendants' actions,
     Plaintiffs have sustained lost income, physical injury,
     emotional distress, pain and suffering, and/or attorney's
     fees, and will continue to incur same for some time to come.

**<u>RELIEF</u>**

     **WHEREFORE,** Plaintiffs seek relief and judgment against the
Defendants, including but not limited to:

1.   An award of compensatory damages and punitive damages based
     on the intentional and malicious acts of the Defendants,
     which are allowed by the statutes pleaded herein or as

12

permitted by common law and rules;

2.   An award of reasonable attorney's fees and all costs of suit and interest thereon;

3.   An award of damages as allowed under 42 U.S.C. §1983 and 42 U.S.C. §1988;

4.   Any other award and equitable relief allowed under statute or pursuant to the law or equitable and just power of this Court to which Plaintiffs are entitled; and

5.   Any prospective injunctive relief that the Court deems just and appropriate under the circumstances.

<u>**JURY DEMAND**</u>

Plaintiffs hereby demand trial by jury of all issues in this action.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

Plaintiffs designate Thomas J. Mallon, Esq., as trial counsel in this matter.

<u>s/ Thomas J. Mallon</u>
THOMAS J. MALLON

Dated: April 03, 2018