UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY L. O'NEAL AND GARY J. O'NEAL,<br><br>       *Plaintiffs,*<br><br>         v.<br><br>MIDDLETOWN TOWNSHIP; MIDDLETOWN TOWNSHIP POLICE DEPARTMENT; DETECTIVE RICHARD FULHAM; POLICE CHIEF CRAIG WEBER; JOHN DOES #1-3; AND JOHN DOES #4-10,<br><br>       *Defendants.* | Civil Action No.:<br>3:18-cv-05269-BRM-LHG |

---

DEFENDANTS' BRIEF IN SUPPORT OF
PARTIAL MOTION TO DISMISS

---

Kira S. Dabby, Esq. (KD0902)
ARCHER & GREINER PC
Riverview Plaza
10 Route 35, Second Floor
(732) 268-8000
(732) 345-8420 fax
kdabby@archerlaw.com
*Attorneys for Middletown Township, Middletown Township Police Department, Detective Richard Fulham, and Police Chief Craig Weber*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS.........................................................................................2

ARGUMENT..............................................................................................................4

I.    PLAINTIFFS' CLAIMS AGAINST DEFENDANT
      MIDDLETOWN TOWNSHIP POLICE DEPARTMENT
      SHOULD BE DISMISSED BECAUSE THE POLICE
      DEPARTMENT IS NOT A PROPER PARTY TO BE SUED................5

II.   PLAINTIFFS' CLAIM AGAINST THE TOWNSHIP OF
      MIDDLETOWN SHOULD BE DISMISSED BECAUSE
      PLAINTIFFS FAIL TO STATE A VALID MONELL CLAIM AS
      A MATTER OF LAW.............................................................................6

III.  PLAINTIFFS' "FAILURE TO TRAIN" CLAIMS AGAINST
      DEFENDANTS TOWNSHIP OF MIDDLETOWN, POLICE
      CHIEF CRAIG WEBER, AND JOHN DOES #4-10 SHOULD BE
      DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM AS
      A MATTER OF LAW...........................................................................11

IV.   PLAINTIFFS' CLAIMS AGAINST DEFENDANTS FULHAM,
      WEBER AND JOHN DOES IN THEIR OFFICIAL CAPACITIES
      SHOULD BE DISMISSED BECAUSE THEY DUPLICATE THE
      CLAIMS AGAINST THE TOWNSHIP OF MIDDLETOWN...............17

V.    PLAINTIFFS' CLAIMS AGAINST DEFENDANT WEBER AND
      JOHN DOES #4-10 FOR SUPERVISORY LIABILTY SHOULD
      BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A
      VALID CLAIM AGAINST THEM.......................................................19

V.    PLAINTIFFS' FOREGOING CLAIMS ALSO SHOULD BE
      DISMISSED AS TO THE NEW JERSEY CONSTITUTION
      AND/OR NEW JERSEY CIVIL RIGHTS ACT...................................22

CONCLUSION.........................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ............................................................................ 4, 5, 16, 22

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ........................................................................................4, 5

Benjamin v. East Orange Police Dep't,
  937 F. Supp. 2d. 582 (D.N.J. 2013) ..............................................................*passim*

Bonenberger v. Plymouth Twp.,
  132 F.3d 20 (3d Cir. 1997) ......................................................................5, 12, 16

Brown v. Muhlenberg Twp.,
  269 F.3d 205 (3d Cir. 2001) ................................................................... 20, 21, 22

Carter v. City of Phila.,
  181 F.3d 339 (3d Cir. 1999) ................................................................................12

Castillo-Perez v. City of Elizabeth,
  No. 2:11-6958, 2014 WL 1614845 (D.N.J. Apr. 21, 2014) ....................... 9, 11, 21

City of Canton v. Harris,
  489 U.S. 378 (1989) ...................................................................... 11, 13, 16

Connick v. Thompson,
  563 U.S. 51 (2011) ......................................................................*passim*

Doe v. Luzerne County,
  660 F.3d 169 (3d Cir. 2011) ....................................................................... 12, 16

Fuentes v. S. Hills Cardiology,
  946 F.2d 196 (3d Cir. 1991) ..................................................................................2

Geissler v. City of Atlantic City,
  198 F. Supp. 3d. 389 (D.N.J. 2016) ...................................................... 6, 8, 23

Hernandez v. Borough of Palisades Park Police Dep't,
  58 Fed. Appx. 909 (3d Cir. 2003) ................................................................ 5, 7, 10

Ingram v. Twp. of Deptford,
  911 F. Supp. 2d 289 (D.N.J. 2012) ...................................................................23

Janowski v. City of North Wildwood,
  259 F. Supp. 3d 113 (D.N.J. 2017) .................................................................................*passim*

Kentucky v. Graham,
  473 U.S. 159 (1985) ............................................................................................. 17, 18

Lapella v. City of Atlantic City,
  No 10-2454, 2012 WL 2952411 (D.N.J. July 18, 2012) ................................................*passim*

Matos v. Laielli,
  No. 15-cv-8140, 2016 WL 6275161 (D.N.J. Oct. 26, 2016) .................................................18

McTernan v. City of York,
  564 F.3d 636 (3d Cir. 2009) ............................................................................... 7, 18

Monell v. Department of Social Services of the City of New York,
  436 U.S. 658 (1978) ................................................................................... 6, 7, 10

Sample v. Diecks,
  885 F.2d 1099 (3d Cir. 1989) .............................................................................20

Santiago v. Warminster,
  629 F.3d 121 (3d Cir. 2010) ..................................................................... 20, 21, 22

Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,
  113 F.3d 405 (3d Cir. 1997) .................................................................................2

Snell v. City of York,
  564 F.3d 659 (3d Cir. 2009) .............................................................................. 17, 18

Thomas v. Cumberland Cty.,
  749 F.3d 217 (3d Cir. 2014) .............................................................................13

**State Statutes**

NEW JERSEY CIVIL RIGHTS ACT. ........................................................................... 22, 23, 24

**Rules**

Federal Rule of Civil Procedure 12 .......................................................................... 1, 4

L. Civ. R. 12.2 ..................................................................................................4

Rule 8 ...........................................................................................................4

**Constitutional Provisions**

New Jersey State Constitution ........................................................................ 22, 23, 24

Defendants Middletown Township[1], Middletown Township Police Department, Richard Fulham, and Craig Weber submit this Memorandum of Law in support of their Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **PRELIMINARY STATEMENT**

Defendants move to dismiss multiple counts of this § 1983 action based on Plaintiffs' failure to satisfy the pleading standard and their duplicative and improper claims. This case arises from the Middletown Police Department's execution of a lawful search warrant that uncovered Controlled Dangerous Substances ("CDS"), drug-related paraphernalia, and monetary evidence, and resulted in the arrest of three individuals, including Plaintiffs. Plaintiffs' Complaint principally alleges claims against the arresting officer, Richard Fulham, but also asserts unsupported claims against the Township of Middletown, its Police Department, and its Chief of Police.

Plaintiffs' claims are deficient for several reasons. First, the Middletown Township Police Department is an arm of the Township of Middletown and cannot be sued as an independent defendant. Second, Plaintiffs fail to sufficiently plead a Monell claim against the Township of Middletown because they fail to identify a "policy" or "custom" giving rise to municipal

---

[1] This brief will refer to Defendant "Middletown Township" as the "Township of Middletown."

liability. <u>Third</u>, Plaintiffs fail to state a Section 1983 claim for failure to train because their allegations consist only of legal conclusions, formulaic recitations of the elements, and/or naked assertions unsupported by further factual enhancement. <u>Fourth</u>, Plaintiffs' claims against individual defendants "in their official capacity" should be dismissed as duplicative of their claim against the Township of Middletown, which itself is not sustainable. <u>Fifth</u>, Plaintiffs fail to state a claim for supervisory liability because their legal conclusions, formulaic recitations of the elements, and naked assertions do not satisfy the pleading standard for this claim. <u>Finally</u>, any dismissal of the federal claims should result in the dismissal of concurrent claims under New Jersey law.

Defendants respectfully request that this Court grant their motion to dismiss, as set forth further in this brief.

## STATEMENT OF FACTS[2]

Plaintiff Gary L. O'Neal ("Gary Sr.") is the father of Plaintiff Gary J. O'Neal ("Gary Jr.") and Adam O'Neal ("Adam"). (ECF No. 1 (Complaint) at ¶ 10, 12.) At the time of the alleged incident, Gary Sr. was residing at 29 Ideal Ave, Middletown, New

---

[2] These facts are taken from Plaintiffs' Complaint, which must be taken as true solely for the purposes of this Motion. <u>See Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.</u>, 113 F.3d 405, 417 (3d Cir. 1997) (citing <u>Fuentes v. S. Hills Cardiology</u>, 946 F.2d 196, 201 (3d Cir. 1991)). In the event this Motion is denied in whole or in part, Defendants reserve their right to deny these allegations.

Jersey (the "Premises") along with his sons, Adam and Gary Jr.
(Id. at ¶ 11, 12.)

According to the Complaint, Detective Richard Fulham had received intelligence that Adam was involved in the sale of marijuana. (Id. at ¶ 14.) Consequently, Fulham made application for and received a search warrant for the Premises. (Id. at ¶ 16.) On June 17, 2016, the Middletown Township Police Department executed the search warrant. (Id. at ¶¶ 14, 18, 21.) Police officers handcuffed Gary Sr. and Gary Jr. and escorted them outside while the police conducted their search. (Id. at ¶ 19, 21, 23.) In executing the warrant, Defendant Fulham located CDS, drug-related paraphernalia, and monetary evidence inside a bedroom. (Id. at ¶ 22.) Gary Sr. and Gary Jr. were placed under arrest and each were charged with drug offenses. (Id. at ¶ 24.) Adam was not present at the Premises when the search warrant was executed but was arrested on the same date. (Id. at ¶¶ 17, 30.)

On April 4, 2018, Plaintiffs filed a complaint against the Township of Middletown, a municipal corporation of the State of New Jersey, (id. at ¶ 5,) as well as Police Officer Richard Fulham, in his official and individual capacity, (id. at ¶ 6,) Chief of Police R. Craig Weber, in his official and individual capacity (id. at ¶ 7,) and John Does #1–10.

3

## ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party responding to a pleading may raise the defense of "failure to state a claim upon which relief can be granted."[3]

The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal citations omitted). In particular, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not

---

[3] Defendants' time to answer Plaintiffs' claims that are not the subject of this Motion shall be tolled pending adjudication of this Motion. See L. Civ. R. 12.2 ("When a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) addresses fewer than all of the claims for relief in a complaint, the pleading in response to any claims for relief which have not been dismissed shall be filed 14 days after entry of the Court's order resolving said motion to dismiss.").

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

## I.  PLAINTIFFS' CLAIMS AGAINST DEFENDANT MIDDLETOWN TOWNSHIP POLICE DEPARTMENT SHOULD BE DISMISSED BECAUSE THE POLICE DEPARTMENT IS NOT A PROPER PARTY TO BE SUED.

Plaintiffs have filed suit against the "Middletown Township Police Department" in their § 1983 action. Such a claim against a municipal police department is improper and should be dismissed.

Courts in the Third Circuit "treat the municipality and its police department as a single entity for purposes of section 1983 liability." Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997). "[P]olice departments cannot be sued alongside municipalities because a police department is merely an administrative arm of the municipality itself." Hernandez v. Borough of Palisades Park Police Dep't, 58 Fed. Appx. 909, 912 (3d Cir. 2003). In a § 1983 action against a municipality and a police department, the police department should be dismissed as "it is to the municipality that any liability must flow." Benjamin v. East Orange Police Dep't, 937 F. Supp. 2d. 582, 590 (D.N.J. 2013) (internal quotation omitted).

In Geissler v. City of Atlantic City, for example, the plaintiff filed a § 1983 action against the City of Atlantic City, the Atlantic City Police Department ("ACPD"), and an Atlantic City police officer. 198 F. Supp. 3d. 389, 392 (D.N.J. 2016). Relying upon the aforementioned case law, this Court granted the Atlantic City Police Department's motion to dismiss, holding that "the ACPD is an administrative arm of the City of Atlantic City and is not a proper defendant." Id. at 395.

Here, Plaintiffs have filed a § 1983 action against the Township of Middletown, the Middletown Township Police Department, two of its employees, and John Does #1-10. Because the Police Department is merely an arm of the Township of Middletown, the Middletown Township Police Department should be dismissed from this lawsuit.

## II.  PLAINTIFFS' CLAIM AGAINST THE TOWNSHIP OF MIDDLETOWN SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A VALID MONELL CLAIM AS A MATTER OF LAW.

In Count Four, Plaintiffs assert a Monell claim against the Township of Middletown. Because Plaintiffs cannot satisfy the applicable pleading standard, this claim should be dismissed, and the Township of Middletown should be dropped from this lawsuit.

In Monell v. Department of Social Services of the City of New York, the United States Supreme Court limited § 1983 liability against municipalities by requiring plaintiffs to show that the government official acted pursuant to a municipal policy or

custom. 436 U.S. 658, 694 (1978); Benjamin, 937 F. Supp. 2d at 591. Municipal liability attaches under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. Municipalities cannot be held vicariously liable under § 1983 for their employees' actions; they may not be sued for an injury inflicted solely by its employees and agents. Id.; Connick v. Thompson, 563 U.S. 51, 60 (2011).

To plead a Monell claim, "a [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was" in the complaint. McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (affirming dismissal of Monell claim against city for failure to adequately plead a custom or policy). A "policy" is made only when a decisionmaker with final authority to establish municipal policy issues an official proclamation, policy, or edict. Benjamin, 937 F. Supp. 2d at 595 (internal quotation omitted); Hernandez, 58 Fed. App'x at 912. "A custom may exist where the relevant practice is so permanent and widespread as to have the force of law." Hernandez, 58 Fed. App'x at 912 (internal quotation omitted).

Consistent with Supreme Court and Third Circuit precedent, this Court has held that a Monell count's factual allegations must

apprise not only "as to the alleged wrongdoing of the individual police officers," but also "as to the alleged policy and custom of the municipality at issue." Lapella v. City of Atlantic City, No 10-2454, 2012 WL 2952411, at *5 (D.N.J. July 18, 2012) (internal quotations omitted). In addition, once a policy or custom has been shown to exist, it must then be shown that the allegedly unconstitutional conduct causally results from that policy or custom. Id. at *4.

In Geissler v. City of Atlantic City, the plaintiff "vaguely assert[e]d 'unlawful conduct' on the part of the City of Atlantic City, but d[id] not set forth any particular factual allegations about a specific custom or policy that would support a claim against the City," nor did the plaintiff "identify how any such policy practice or custom of Atlantic City caused her injury." 198 F. Supp. 3d at 396. This Court held that "the Complaint falls far short of alleging the grounds necessary to sustain a municipal liability claim" and dismissed the plaintiff's complaint as to the City of Atlantic City. Id.; see also Benjamin, 937 F. Supp. 2d at 592 (granting motion to dismiss for failure to adequately allege municipal policy or custom on Monell claim).

In Janowski v. City of North Wildwood, the plaintiff alleged that the Chief of Police had "actual and/or constructive knowledge of repeated and persistent abuses of civil and constitutional rights by Sgt. McGee . . . ." and yet "tolerated, condoned,

8

displayed deliberate indifference to and tacitly authorized the behavior and custom of Sgt. McGee to violate the constitutional rights of members of the public." 259 F. Supp. 3d 113, 129 (D.N.J. 2017). The plaintiff further alleged that this "custom and conduct became the de facto official policy of the City and the Police Department . . . ." Id. On these allegations, this Court held that the plaintiff failed to allege a single decision by the police chief, much less the existence of a preexisting custom, policy, or practice, that could form the basis of a municipal liability claim, and accordingly dismissal was proper. Id. at 130; see also Castillo-Perez v. City of Elizabeth, No. 2:11-6958, 2014 WL 1614845, at *7 (D.N.J. Apr. 21, 2014) (dismissing municipal liability claims on motion to dismiss for failure to plead facts in support of "policy" claim or failure to train claim); Lapella, 2012 WL 2952411, at *6 (dismissing Monell claim on motion to dismiss for failure to provide sufficient factual allegations to find claim for relief plausible on its face).

Here, Plaintiffs similarly fail to allege facts substantiating a specific custom or policy in the Township of Middletown that could support the Monell claim. Plaintiffs' Complaint states merely the legal conclusions that the Township "was on actual and/or constructive notice that its police offers were engaged in the practice or custom of making false arrests and using excessive force on citizens," and "knowingly and recklessly

failed to . . . institute practices and/or practices to prevent, penalize and cure such abuses," and that "[t]his pattern, practice and/or policy of failing to train reflects deliberate indifference to the rights of persons such as Plaintiffs." (ECF No. 1 at ¶ 45, 46, 47.) For causation, Plaintiffs' allege in conclusory fashion only that "[t]he injuries suffered by Plaintiffs are the proximate result" of Defendants' actions. (Id. at ¶ 49.)

None of these paragraphs set forth plausible factual allegations required to sustain a Monell claim. As in Janowski, "Plaintiff's allegations of any municipal policy, practice, or custom are, at best, completely conclusory and, at worst, totally absent from the Complaint."  259 F. Supp. 3d at 130. The only "custom" Plaintiffs identify is the alleged making of false arrests and using excessive force. (ECF No. 1 at ¶ 45.) The Complaint is devoid of any facts to support that false arrest or excessive force in Middletown is "so permanent and widespread as to have the force of law" to constitute a custom under Monell precedent. Compare id. with Hernandez, 58 Fed. App'x at 912. Nor does the Complaint allege any facts demonstrating a causal link between the allegedly unconstitutional conduct and the purported "custom". To the contrary, this case mirrors Janowski, where this Court held that conclusory allegations of "actual and/or constructive knowledge" of constitutional violations could not form the basis of a municipal liability claim. 259 F. Supp. 3d at

129-30; see also Castillo-Perez, 2014 WL 1614845, at *7; Lapella, 2012 WL 2952411, at *6. Accordingly, Count Four of the Complaint should be dismissed, and Defendants respectfully request that the Township of Middletown be dropped from this lawsuit.

### III. PLAINTIFFS' "FAILURE TO TRAIN" CLAIMS AGAINST DEFENDANTS TOWNSHIP OF MIDDLETOWN, POLICE CHIEF CRAIG WEBER, AND JOHN DOES #4-10 SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM AS A MATTER OF LAW.

Plaintiffs assert a Section 1983 failure to train claim against Defendants Township of Middletown, Chief of Police Craig Weber, and John Does #4-10 in Counts Four and Five of their Complaint. Because this claim is not factually supported against any defendant, it should be dismissed as a matter of law.

"[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). Indeed, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61. In Canton, the United States Supreme Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact." 489 U.S. at 388 (emphasis added). Deliberate indifference is a "stringent" standard and exists "if the challenged act implements a municipal policy," like a

statement, ordinance, regulation or decision officially adopted
and promulgated by a local governing body's officials. Connick,
563 U.S. at 61; Bonenberger, 132 F.3d at 25; Benjamin, 937 F.
Supp. 2d at 596. "In other words, a municipality can only be
liable under § 1983 where the failure to train demonstrates a
'deliberate' or 'conscious' choice by the municipality." Doe v.
Luzerne County, 660 F.3d 169, 179 (3d Cir. 2011) (citation
omitted).

"To determine whether a municipality's alleged failure to
train its employees amounted to a deliberate or conscious choice,
it must be shown that '(1) municipal policymakers know that
employees will confront a particular situation; (2) the situation
involves a difficult choice or a history of employees mishandling;
and (3) the wrong choice by an employee will frequently cause
deprivation of constitutional rights.'" Doe, 660 F.3d at 179-80
(dismissing failure to train claim)(quoting Carter v. City of
Phila., 181 F.3d 339, 357 (3d Cir. 1999)). "A pattern of similar
constitutional violations by untrained employees is ordinarily
necessary to demonstrate deliberate indifference for purposes of
failure to train." Connick, 563 U.S. at 62 (internal quotation
omitted); see also Doe, 660 F.3d at 180.

"Without notice that a course of training is deficient in a
particular respect, decisionmakers can hardly be said to have
deliberately chosen a training program that will cause violations

of constitutional rights." <u>Connick</u>, 563 U.S. at 62; <u>see also</u>
<u>Lapella</u>, 2012 WL 2952411, at *8 (dismissing failure to train claim
on motion to dismiss for failure to allege any specific
shortcoming in training program). It will not "suffice to prove
that an injury or accident could have been avoided if an officer
had had better or more training, sufficient to equip him to avoid
the particular injury-causing conduct." <u>Canton</u>, 489 U.S. at 391.

Regarding causation, "the identified deficiency in a city's
training program must be closely related to the ultimate injury;
or in other words, the deficiency in training [must have] actually
caused the constitutional violation." <u>Thomas v. Cumberland Cty.</u>,
749 F.3d 217, 222 (3d Cir. 2014)(quotation omitted); <u>see also</u>
<u>Canton</u>, 489 U.S. at 391; <u>Connick</u>, 563 U.S. at 67 (plaintiff must
demonstrate that alleged wrongdoer was not trained in particular
scenario related to alleged violation that occurred). As the
Supreme Court noted, "[t]o adopt lesser standards of fault and
causation would open municipalities to unprecedented liability
under § 1983." <u>Canton</u>, 489 U.S. at 391. That is because in
"virtually every instance . . . a § 1983 plaintiff will be able to
point to something the city could have done" to prevent the
alleged incident. <u>Id.</u> at 392.

In <u>Benjamin</u>, this court reviewed a § 1983 claim against the
City of East Orange, which alleged that the City failed to train
its police department. 937 F. Supp. 2d at 596. The court granted

13

the City's motion to dismiss, holding that "the Complaint d[id]
not allege any facts supporting the conclusion that the City of
East Orange failed to properly train its police officers and
staff." Id.

Here, Plaintiffs similarly fail to allege any facts to
support a finding that Defendants Township of Middletown, Craig
Weber, or the John Does failed to train, supervise, or correct. As
regards the Township of Middletown, Plaintiffs plead merely that:

> Defendant has knowingly and recklessly failed
> to fulfill this duty and has failed to
> institute policies and/or practices to
> prevent, penalize and cure such abuses.
>
> This pattern, practice and/or policy of
> failing to train reflects deliberate
> indifference to the rights of persons such as
> Plaintiffs.
>
> The injuries suffered by Plaintiffs are the
> proximate result of Defendant's deliberate
> indifference to properly train.

(ECF No. 1 at ¶¶ 46–48.)  These allegations reflect nothing more
than a formulaic recitation of the elements of the claim, and they
include no facts rendering it "plausible" that the Township of
Middletown engaged in a "failure to train" as Plaintiffs allege.
Accordingly, Plaintiffs' failure to train claim against the
Township of Middletown should be dismissed for failure to state
claim upon which relief may be granted.

With respect to Police Chief Weber and John Does #4–10,
Plaintiffs' allegations are bare legal conclusions or naked

assertions unsupported by any facts: Plaintiffs allege that
Defendants failed to train, supervise and discipline police
officers who make false arrests and use excessive force in a
manner that amounts to a "pattern, practice and/or policy of lax
or no supervision of police officers when they engage in conduct
that violates the constitutional rights of citizens." (Id. at ¶
52.) Plaintiffs then allege – without factual support – that this
pattern, practice and/or policy of failing to train, supervise,
and discipline "reflects deliberate indifference to the rights of
persons such as Plaintiffs." (Id. at ¶ 53.) In their effort to
masquerade these legal conclusions as "plausible" claims,
Plaintiffs allege that Defendants "fail[ed] to discipline police
officers who engage in unconstitutional practices," "acquiesced in
the misconduct" of officers, and "have taken no action to correct
or modify the behavior" of police officers. (Id. at ¶¶ 54–56.)
But Plaintiffs offer no *facts* to support these baseless
allegations. Finally, Plaintiffs allege – again without factual
support – that Defendants have had prior notice of similar
incidents and have failed to take appropriate corrective action.
(Id. at ¶ 56.)  Regarding causation, Plaintiff allege only that
"[t]he injuries suffered by Plaintiffs are the proximate result of
Defendants' deliberate indifference to properly train, supervise
and discipline" without any facts supporting a causal connection.

Plaintiffs allege no facts supporting that the Township of Middletown, Chief Weber, or the John Doe defendants were "deliberately indifferent" to the rights of persons, nor have Plaintiffs adequately alleged that the "challenged act implements a municipal policy" like a statement, ordinance, regulation, or decision officially adopted and promulgated by the Township Committee. See Bonenberger, 132 F.3d at 25; Benjamin, 937 F. Supp. 2d at 596. Plaintiffs' allegations do not suggest any "conscious choice" by any Defendant to not train its police officers regarding proper arrest and use of force procedures. See Doe, 660 F.3d at 179. Nor do Plaintiffs' allegations plead any facts in support of causation.  These deficiencies are fatal to this claim.

Plaintiffs' allegations against Chief Weber and the John Doe Defendants are generic, conclusory statements that reflect boilerplate allegations for failure to train claims. Plaintiffs seek the opportunity to conduct a fishing expedition through discovery, which they hope will substantiate their claims. But Iqbal holds that "naked assertions devoid of further factual enhancement" cannot satisfy the pleading requirements. 556 U.S. at 678 (internal quotations omitted). The reason that a "failure to train" claim applies only in "limited circumstances" is to avoid "open[ing] municipalities to unprecedented liability under § 1983. Canton, 489 U.S. at 387, 391. If Plaintiffs' "naked assertions" were to pass muster, then the mandate that "deliberate

indifference" is a "stringent standard" would fly out the window. See Connick, 563 U.S. at 61.

Because Plaintiffs' allegations fail to satisfy the pleading standard, this Court should dismiss the failure to train claims included in Counts Four and Five of the Complaint.

## IV. PLAINTIFFS' CLAIMS AGAINST DEFENDANTS FULHAM, WEBER AND JOHN DOES IN THEIR OFFICIAL CAPACITIES SHOULD BE DISMISSED BECAUSE THEY DUPLICATE THE CLAIMS AGAINST THE TOWNSHIP OF MIDDLETOWN.

Any and all claims asserted against Defendants Fulham, Chief Weber, and John Doe police officers #1-10 in their official capacities should be dismissed because these "official capacity" claims duplicate Plaintiffs' claim against the Township of Middletown.

The Supreme Court has established that "an official capacity-suit is, in all respects other than name, to be treated as a suit against the entity, since it is not a suit against the official personally, for the real party in interest is the entity." Snell v. City of York, 564 F.3d 659, 664 (3d Cir. 2009) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)) (internal quotation marks omitted). "Accordingly, where claims against an officer in his official capacity are duplicative of claims against the municipality, those claims are properly dismissed as redundant." Janowski, 259 F. Supp. 3d at 131; McTernan v. City of York, Pennsylvania, 564 F.3d at 659 (affirming dismissal of claims against City and duplicative claims against officers "in their

17

official capacity" for failure to state claim for municipal liability); Snell, 564 F.3d 659, 664, 673 (3d Cir. 2009) (same); Matos v. Laielli, No. 15-cv-8140, 2016 WL 6275161, at *2 n.1 (D.N.J. Oct. 26, 2016) ("Insofar as any claims have been asserted against Balles in his official capacity, they are dismissed as duplicative of the claims against the County.")

In McTernan v. City of York, the plaintiff failed to "adequately plead a custom or policy" in order to warrant the "imposition of [Monell] municipal liability." 564 F.3d at 659. Because municipal liability did not apply, the District Court dismissed the plaintiff's suit against the police sergeant, police commissioner, and mayor in their official capacities, id. at 641, 644, 659, and the Third Circuit upheld this adjudication. Id. at 659.

Here, Plaintiffs filed suit against Officer Richard Fulham, Police Chief Craig Weber, and John Doe police officers #1-10, all in their official and individual capacities. (ECF No. 1 at ¶¶ 6-9.) Under the aforementioned case law, Plaintiffs' claims against these Defendants in their official capacities should be dismissed because they duplicate Plaintiffs' claim against the Township of Middletown. See Snell, 564 F.3d at 664 (quoting Kentucky, 473 U.S. at 165). More importantly, Plaintiffs' inability to adequately plead a Monell claim against the Township of Middletown renders Plaintiffs unable to sustain claims against individual Defendants

18

in their official capacities, because these claims are premised on the same allegations and underlying facts that cannot satisfy the standard for municipal liability.

Because Plaintiffs' claims against Defendants Fulham, Weber, and John Does #1-10 in their "official capacity" duplicate the unsustainable claim against Middletown, Defendants respectfully request this Court dismiss the "official capacity" claims in Plaintiffs' Complaint.

## V.   PLAINTIFFS' CLAIMS AGAINST DEFENDANT WEBER AND JOHN DOES #4-10 FOR SUPERVISORY LIABILITY SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A VALID CLAIM AGAINST THEM.

Besides failure to train, the heading for Count Five of Plaintiffs' Complaint also references "supervisory liability" against Chief of Police Craig Weber and John Does #4-10. Under Third Circuit case law, this claim cannot survive a motion to dismiss as pleaded by Plaintiffs.

To state a claim for supervisory liability under § 1983, Plaintiffs must "(1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or

19

procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). "[I]t is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did." Id. (quoting Sample, 885 F.2d at 1118). "Rather, the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a 'relationship between the 'identified deficiency' and the 'ultimate injury.'' Id. The second theory of supervisory liability allows supervisors to be liable if they participated in violating plaintiff's rights, directed others to violate them, or, had knowledge of and acquiesced in their subordinates' violations. Janowski, 259 F. Supp. 3d at 131.

In Santiago v. Warminster, the plaintiff claimed that the supervisors directed police officers to conduct an operation in a manner that they knew or reasonably should have known would deprive the plaintiff of her constitutional rights. 629 F.3d 121, 130 (3d Cir. 2010). Applying the Twombly/Iqbal standard, however, the Third Circuit held that the plaintiff did nothing more than recite what occurred, which constituted a "conclusory assertion that that what happened at the scene was ordered by the supervisors." Id. at 131. Because these allegations of supervisory liability were just a formulaic recitation of the

elements of a supervisory liability claim, the Court declined to consider these allegations to support the complaint. Id. The Court additionally held that the mere fact that the supervisors planned the operation coupled with the fact that the operation resulted in excessive force did not make it "plausible" that the plan called for the use of excessive force. Id. at 133 (noting that allegations merely consistent with liability did not constitute plausibility); see also Castillo-Perez, 2014 WL 1614845, at *7-8 (dismissing supervisory liability claims on motion to dismiss because complaint recited legal elements instead of plausible factual claims of supervisory liability); see also Lapella, 2012 WL 2952411, at *10 (dismissing supervisory liability claim on motion to dismiss for failure to allege facts to support plausible claim for relief instead of legal boilerplate language).

The allegations purportedly supporting Plaintiffs' Count Five supervisory liability claim are the same allegations described above regarding failure to train. Plaintiffs have failed to identify any "specific supervisory practice or procedure that the supervisor failed to employ." See Brown, 269 F.3d at 216. Plaintiffs failed to allege facts supporting that the existing custom or practice created an unreasonable risk of the injury that occurred. See id. Plaintiffs have not alleged facts (in contrast to naked assertions) supporting that any supervisors were aware of, and also indifferent to, the risk of the injury

that occurred. See id. Nor have Plaintiffs identified "specific acts or omissions of the supervisor" evidencing deliberate indifference. See id. The Complaint is similarly devoid of any facts supporting that these Defendants participated in violating Plaintiffs' rights, directed others to violate them, or had knowledge of and acquiesced in any alleged violations. See Janowski, 259 F. Supp. 3d at 131. As discussed above, Iqbal mandates that "naked assertions devoid of further factual enhancement" cannot satisfy the pleading requirements, and this principle sounds the death knell for Plaintiffs' supervisory liability claim. 556 U.S. at 678. The situation here is similar to Santiago, except that Chief Weber is not even alleged to have planned the operation that gave rise to this lawsuit. 629 F.3d at 131–33. If the allegations in Santiago were insufficient to state a claim for supervisory liability, then a fortiori the more attenuated allegations here are similarly insufficient, and this claim should be dismissed.

**V.   PLAINTIFFS' FOREGOING CLAIMS ALSO SHOULD BE DISMISSED AS TO THE NEW JERSEY CONSTITUTION AND/OR NEW JERSEY CIVIL RIGHTS ACT.**

In Count Six, Plaintiffs plead violations of the New Jersey Constitution and the New Jersey Civil Rights Act. Because such claims are interpreted analogously to § 1983, this count should be dismissed based on the arguments previously discussed.

"The New Jersey Civil Rights Act was modeled after § 1983 and is interpreted analogously therewith in this district." Geissler, 198 F. Supp. 3d at 394; accord Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012). Additionally, "the New Jersey Constitution does not permit claims against municipalities on the basis of respondeat superior." Id. at 396 (citing Ingram, 911 F. Supp. 2d at 297–98).

In Geissler, the plaintiff filed a § 1983 action and filed a concurrent count pursuant to the NJCRA. Because the NJCRA is interpreted analogously to § 1983, this court "address[ed] the § 1983 claims . . . concurrently with the [NJCRA] claims . . . ." Id. at 394. It dismissed the plaintiff's New Jersey constitutional claims on the grounds for dismissal of the federal constitutional claims pursuant to § 1983. Id. at 396.

In this case, Count Six does not present any independent factual basis for a cause of action. Instead, it recites the conclusory allegation that "Defendants' actions, as outlined above, have violated Plaintiffs' civil rights under the New Jersey State Constitution and/or New Jersey Civil Rights Act." (ECF No. 1 at ¶ 61.)  Defendants respectfully request that Count Six of Plaintiffs' Complaint be dismissed to the extent it asserts claims that this Court elects to dismiss under federal law.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their partial motion to dismiss: (1) all claims as to the Middletown Township Police Department; (2) all claims as to the Township of Middletown; (3) all claims as to Defendants Fulham, Weber, and John Does #1-10 in their official capacities; (4) all claims as to Defendant Weber and John Does #4-10; and (5) all claims under the New Jersey Constitution and New Jersey Civil Rights Act analogous to the foregoing federal claims.

Respectfully submitted,

/s/ Kira S. Dabby, Esq.

DATED:  May 14, 2018          KIRA S. DABBY, ESQ. (KD0902)
                              **ARCHER & GREINER, P.C.**
                              *Attorneys for Middletown Township,
                              Middletown Township Police
                              Department, Detective Richard
                              Fulham, and Police Chief Craig
                              Weber*

214440297v4

24