```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                       TRENTON VICINAGE

------------------------------------
GARY L. O'NEAL and GARY J. O'NEAL,  : **DOCUMENT ELECTRONICALLY FILED**
                                    :
           Plaintiffs,              : Civil No.: 18-5269 (BRM/LHG)
                                    :
      v.                            : Civil Action
                                    :
MIDDLETOWN TOWNSHIP; MIDDLETOWN     : **PLAINTIFFS'**
TOWNSHIP POLICE DEPARTMENT;         : **BRIEF IN OPPOSITION TO**
DETECTIVE RICHARD FULHAM;           : **DEFENDANTS' PARTIAL**
POLICE CHIEF CRAIG WEBER;           : **MOTION TO DISMISS**
JOHN DOES #1-3; and                 :
JOHN DOES #4-10,                    :
                                    :
           Defendants.              :
------------------------------------
```

**MALLON & TRANGER**
86 Court Street
Freehold, NJ 07728
Telephone: (732) 780-0230
Facsimile: (732) 780-5002
Attorneys for Plaintiffs,
Gary L. O'Neal and Gary J. O'Neal

**TABLE OF CONTENTS**

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   PLAINTIFFS' COMPLAINT STATES A VALID <u>MONELL</u> CLAIM
        AGAINST DEFENDANT, MIDDLETOWN TOWNSHIP . . . . . . . . 1

    II.  PLAINTIFFS' SUPERVISORY LIABILITY CLAIM AGAINST
        DEFENDANTS, POLICE CHIEF CRAIG WEBER AND JOHN DOES
        #4-10, SHOULD NOT BE DISMISSED BECAUSE THE COMPLAINT
        STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED . . . 4

    III. PLAINTIFFS' CORRESPONDING CLAIMS BROUGHT
        PURSUANT TO THE NEW JERSEY STATE CONSTITUTION
        AND/OR NEW JERSEY CIVIL RIGHTS ACT SHOULD NOT BE
        DISMISSED . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.
372 F.3d 572 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . 5

Armstrong v. Sherman
2010 U.S. Dist. LEXIS, 55616 (D.N.J. June 04, 2010) . . . . . . . 7

Ashcroft v. Iqbal
129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . 1, 4

Bell Atlantic Corp. v. Twombly
550 U.S. 544 (2006) . . . . . . . . . . . . . . . . . . . . . . . 1

Bonenberger v. Plymouth Township
132 F.3d 20 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . 5

Brown v. Phillip Morris Inc.
250 F.3d 789 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . 1

C.H. ex. rel. Z.H. v. Oliva
226 F.3d 198 (3d Cir. 2000)(en banc) . . . . . . . . . . . . . . 5

Chapman v. New Jersey
2009 U.S. Dist. LEXIS 75720 (D.N.J. August 25, 2009) . . . . . . 7

Christopher v. Nestelrode
240 Fed. Appx. 481 (3d Cir. 2007) . . . . . . . . . . . . . . . . 5

City of Canton v. Harris
489 U.S. 378 (1989) . . . . . . . . . . . . . . . . . . . . . 2, 3

Jiminez v. All American Rathskeller, Inc.
503 F.3d 247 (3d Cir. 2007) . . . . . . . . . . . . . . . . . 2, 3

Monell v. Department of Social Services
436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . 2

Montgomery v. De Simone
159 F.3d 120 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . 3

Moore v. Tartler
986 F.2d 682 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . 1

Natale v. Camden County Corr. Facility
318 F.3d 575 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . 2

Pettit v. New Jersey
2011 U.S. Dist. LEXIS 35452 (D.N.J. March 30, 2011) . . . . . . .   7

Phillips v. County of Allegheny
515 F.3d 224 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . .   1

Reitz v. County of Bucks
125 F.3d 139 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . .   3

Rizzo v. Goode
423 U.S. 362 (1976) . . . . . . . . . . . . . . . . . . . . . . .   4

Rode v. Dellarciprete
845 F.2d 1195 (3d Cir. 1988) . . . . . . . . . . . . . . . . . .    4

San Filippo v. Bongiovanni
30 F.3d 424 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . .    3

Santiago v. Warminster Township
629 F.3d 121 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . .   5

Slinger v. New Jersey
2008 U.S. Dist. LEXIS 71723 (D.N.J. September 04, 2008) . . . .     7

**STATEMENT OF FACTS**

Plaintiffs adopt and incorporate by reference the facts stated in their Complaint as if set forth herein.  Other facts of consequence will be incorporated into the body of this brief.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) mandates that a court "accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." Brown v. Phillip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001)(citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)).  As such, the factual allegations "must be enough to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2006).  The pleading should "simply [call] for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(internal citation and quotation marks omitted).  To be plausible, there must be "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**ARGUMENT**

I. **PLAINTIFFS' COMPLAINT STATES A VALID MONELL CLAIM AGAINST DEFENDANT, MIDDLETOWN TOWNSHIP.**

In Monell v. Department of Social Services, the United States Supreme Court held municipal liability under 42 U.S.C. §1983 attaches "when the execution of a government's policy or custom,

1

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible [for]." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  For purposes of a § 1983 action, "there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007)(citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  In Jiminez, the Third Circuit identified three scenarios in which the acts of a government employee are appropriately characterized as based on a government entity's policy or custom:

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.  The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself.  Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007)(citing Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003)).  "At a minimum, the government must act with deliberate indifference to the purported constitutional deprivation in order to ground liability." Jiminez v. All American

2

Rathskeller, Inc., 503 F.3d 247 at 250 (citing San Filippo v. Bongiovanni, 30 F.3d 424, 445 (3d Cir. 1994)).

However, "in the absence of an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation of a party's constitutional rights under § 1983." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)(citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  Thus, a failure to train can serve as a basis for liability under 42 U.S.C. § 1983 where 'the failure to train amounts to deliberate indifference to the rights of persons with whom [the municipal employees] come into contact.'" Reitz, 125 F.3d 139 at 145 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  The Third Circuit has observed that "a failure to train, discipline or control can form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998)(internal citation omitted).

Here, Plaintiffs allege that Defendant, Middletown Township, has a duty to train, supervise and discipline its police officers to ensure that they make lawful arrests and do not use excessive

3

force.  See Docket Entry [1] at ¶44.  However, a municipal policy, practice or custom exists of Middletown Township police officers making unlawful arrests and using excessive force.  Further, Defendant was on actual or constructive notice of the existence of this unconstitutional policy, practice or custom.  See Docket Entry [1] at ¶45; ¶46.  Plaintiffs' injuries are the proximate result of Defendant's deliberate indifference to properly train its officers on making lawful arrests and the use of force.  See Docket Entry [1] at ¶47; ¶48.  Taken together, Plaintiffs submit that these factual allegations adequately support their claim for municipal liability against Defendant, Middletown Township.

**II. PLAINTIFFS' SUPERVISORY LIABILITY CLAIM AGAINST DEFENDANTS, POLICE CHIEF CRAIG WEBER AND JOHN DOES #4-10, SHOULD NOT BE DISMISSED BECAUSE THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

It is well established that, in a civil rights action, supervisory liability may not be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009)("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); Rizzo v. Goode, 423 U.S. 362 (1976).  Rather, a claim for failure to supervise brought pursuant to 42 U.S.C. § 1983 requires a plaintiff to show that the failure amounts to deliberate indifference to the rights or

4

persons with whom those employees will come into contact. See Christopher v. Nestelrode, 240 Fed. Appx. 481, 489 n.5 (3d Cir. 2007).

The Third Circuit has observed:

> there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused [the] constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of or acquiesced in their subordinates' violations.

Santiago v. Warminster Township, 629 F.3d 121, 129 n.5 (3d Cir. 2010)(quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (internal quotation marks omitted)).  As such, a plaintiff asserting a failure to supervise claim must not only identify a specific supervisory practice that the supervisor failed to employ, but must also demonstrate (1) contemporaneous knowledge of the offending incident or knowledge or a prior pattern of similar conduct; and (2) circumstances under which the supervisor's action could be found to have communicated a message of approval. C.H. ex. rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000)(en banc)(citing Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997)(internal citation omitted).

In their Complaint, Plaintiffs allege that Defendants, Police Chief Craig Weber and John Does #4-10, have a duty to train,

5

supervise and discipline Middletown Township police officers to ensure that they make lawful arrests and do not use excessive force. See Docket Entry [1] at ¶51. Defendants' failure to fulfill this duty amounts to a pattern, practice and/or policy of lax or no supervision of officers who engage in unconstitutional acts. See Docket Entry [1] at ¶52. The pattern, practice and/or policy of failing to supervise is also demonstrated by Defendants' failure to discipline Middletown Township police officers who engage in unconstitutional acts. Specifically, Defendants have acquiesced in the misconduct of Defendants, Richard Fulham, John Does #1-3 and other police officers. See Docket Entry [1] at ¶54. To this end, Defendants have taken no action to correct or modify such behavior on the part of Middletown Township police officers despite having notice of prior incidents of unconstitutional acts similar to those that Plaintiffs experienced. See Docket Entry [1] at ¶55; ¶56. As such, Plaintiffs' injuries are the proximate result of Defendants' deliberate indifference to properly train, supervise and discipline. See Docket Entry [1] at ¶57. Accordingly, Plaintiffs submit that they have plead sufficient facts to support their claim for supervisory liability.

**III. PLAINTIFFS' CORRESPONDING CLAIMS BROUGHT PURSUANT TO THE NEW JERSEY STATE CONSTITUTION AND/OR NEW JERSEY CIVIL RIGHTS ACT SHOULD NOT BE DISMISSED.**

The New Jersey Civil Rights Act "was modeled after 42 U.S.C. §1983, and creates a private cause of action for violations of

6

civil rights secured under either the United States or New Jersey Constitutions." Pettit v. New Jersey, 2011 U.S. Dist. LEXIS 35452 *10 (D.N.J. March 30, 2011)(internal citations omitted).  Because this Court has repeatedly interpreted the New Jersey Civil Rights Act analogously to 42 U.S.C. §1983, Plaintiffs submit that no separate analysis need be taken by the Court.  See Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720 (D.N.J. August 25, 2009); Slinger v. New Jersey, 2008 U.S. Dist. LEXIS 71723 (D.N.J. September 04, 2008); Armstrong v. Sherman, 2010 U.S. Dist. LEXIS, 55616 (D.N.J. June 04, 2010).  Accordingly, Plaintiffs rely on their arguments made above in support of their position that their Monell and supervisory liability claims should not be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs, Gary L. O'Neal and Gary J. O'Neal, respectfully request this Court deny Defendants' Partial Motion to Dismiss.

Respectfully submitted,

s/ Thomas J. Mallon
THOMAS J. MALLON

Dated: June 25, 2018

7